IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>RYO JADE ZANE<br><br>                      Debtor.<br><br>RYO JADE ZANE<br><br>    Plaintiff,<br><br>v.<br><br>SETERUS, INC.<br><br>    Defendant. | Bankruptcy Case No. 13-19219-TWD<br><br>Adversary Case Number :<br><br>**COMPLAINT TO ENFORCE LOAN MODIFICATION** |
|---|---|

Ryo Jade Zane, the debtor in the above-captioned bankruptcy case and the Plaintiff in this adversary proceeding, by and through her attorney, Audrey Udashen, hereby complains as follows:

## I. <u>JURISDICTION</u>

Complaint - 1

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
*A Non-Profit Law Firm Advocating for Rights of the Consumer*

Case 13-01607-TWD    Doc 1    Filed 12/02/13    Ent. 12/02/13 15:30:26    Pg. 1 of 10

This Court has jurisdiction over this proceeding pursuant to 28 USC §157(b)(2)(K). This is a core proceeding.

## II.  PRELIMINARY STATEMENT

1. Plaintiff Ryo Jade Zane is a resident of King County. Ms. Zane owns and resides at the property located at 431 South 321st Place #V-1, Federal Way, Washington 98003 ("property at issue").

2. Defendant Seterus Inc. does business in the State of Washington. Defendant services the mortgage loan secured by the residence located at 431 South 321st Place #V-1, Federal Way, Washington 98003.

3. Plaintiff purchased the property at issue in late 2006 with a loan from the lender First Horizon Home Loan Corporation. A Deed of Trust was executed on December 27, 2006, which denominated Plaintiff as the borrower, First Horizon Home Loan Corporation ("First Horizon") as the lender and beneficiary, Commonwealth Land Title Insurance, Co. as the Trustee, and the property at issue as the encumbered property. The Mortgage Electronic Recording System is identified in the Deed of Trustee as the "nominee" for the lender and as the beneficiary of the Promissory Note.

4. The Deed of Trust states it serves to secure a Promissory Note ("Promissory Note" or "Note"), under which Plaintiff agreed to repay $123,025. The Deed of Trust states that the beneficiary of the Promissory Note is not First Horizon, but the Mortgage Electronic

Complaint - 2

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

Case 13-01607-TWD   Doc 1   Filed 12/02/13   Ent. 12/02/13 15:30:26   Pg. 2 of 10

Recording System ("MERS"), although the Note identifies First Horizon as the lender and the party to which Plaintiff is obligated.

5. The Promissory Note states that its balance was to be paid over the course of 30 years at 6.125% interest. The Note specifics that Plaintiff's monthly payments were to be $627 for the first 120 months of the term of the Note and then were to rise to $890 for the remainder of the term of the Note.

6. In April of 2007, MERS transferred the beneficial interest of the Promissory Note and the Deed of Trust to the Federal National Mortgage Association ("Fannie Mae").

7. Debtor lost her job in August 2012 and fell behind on her mortgage payments shortly thereafter.

8. In the Summer of 2012, Seterus evaluated Plaintiff for a loan modification. In July of 2012, Seterus made Plaintiff a "trial payment plan" offer, in which Plaintiff was told that if she made three "trial payments" of $577 a month in August, September, and October of 2012, then her loan payments would be permanently reduced to this lower amount. Seterus indicated to Plaintiff that after she made her trial payments, she would be sent a final modification agreement, which she would need to execute and transmit back before her loan would be permanently modified.

9. Plaintiff made the requisite three trial payment plan payments in August, September, and October 2012.

10. Despite Plaintiff's submission of three trial payment plan payments, she never received a final modification agreement from Seterus.

Complaint - 3

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
*A Non-Profit Law Firm Advocating for Rights of the Consumer*

Case 13-01607-TWD    Doc 1    Filed 12/02/13    Ent. 12/02/13 15:30:26    Pg. 3 of 10

11. Discovery and investigation has revealed that Seterus never sent Plaintiff a final modification agreement at the full addressed listed in the Deed of Trust and Promissory Note. Instead, Seterus sent the final modification agreement to a number of incomplete and incorrect addresses.

12. Seterus sent information regarding the final loan modification agreement to 431 S 321st Pl. #V Federal Way, WA 98003. This address did not include Plaintiff's unit number, V-1. Without a unit number, mail addressed to Plaintiff at this location could not have been delivered. Indeed, Seterus attempted to send a written response to a Consumer Financial Protection Bureau Complaint filed by Plaintiff's counsel to this address and the package was returned as undeliverable.

13. Rather than sending Plaintiff a loan modification agreement at the address listed in the Deed of Trust, Seterus demanded that Plaintiff resume payments of the pre-modification monthly amount.

14. When Plaintiff called Seterus and inquired into why she was being instructed to pay the pre-modification amount, Seterus indicated to Plaintiff that her loan had not been permanently modified because she had not executed the final loan modification agreement. Plaintiff explained to Seterus that she never received the final modification agreement and requested that Seterus send her the agreement.

15. Seterus never sent Plaintiff the final modification agreement at her correct address and, instead, commenced foreclosure proceedings.

Complaint - 4

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

16. On April 2, 2013, Fannie Mae executed An Appointment of Successor Trustee, which appointed Quality Loan Service Corporation of Washington ("Quality") as foreclosure trustee.

17. Quality served Plaintiff with a Notice of Default on April 4, 2013.

18. Quality served and recorded a Notice of Trustee's Sale on May 6, 2013, which set a sale date of Plaintiff's home for September 6, 2013.

19. Plaintiff retained the Northwest Consumer Law Center in August, 2013.

20. Quality agreed to postpone the trustee's sale of Plaintiff's home until October 18, 2013, to give Plaintiff's counsel an opportunity to investigate the facts that form the basis of the instant adversary proceeding.

21. Plaintiff filed for relief pursuant to Chapter 7 on June 3, 2013. At that time, the Court entered an order pursuant to 11 U.S.C. §362(a).

## II. CAUSES OF ACTION

### BREACH OF CONTRACT

22. Defendant made an offer to Plaintiff to modify her mortgage loan when it indicated to Plaintiff that it would modify her loan if she made three trial payments in an amount lower than the mortgage payments specified in the promissory note.

23. Plaintiff accepted Defendant's offer by submitting three trial period payments in August, September, and October 2012.

24. Plaintiff furnished additional consideration by suffering credit consequences of making partial mortgage payments.

Complaint - 5

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

Case 13-01607-TWD    Doc 1    Filed 12/02/13    Ent. 12/02/13 15:30:26    Pg. 5 of 10

25. Through mutual assent and consideration, Plaintiff's provision of the three trial payments created a valid and enforceable contract between Plaintiff and Defendant.

26. Defendant breached the contract when it failed to send Plaintiff the final loan modification paperwork at the address listed in the Deed of Trust and then refused to permanently modify Plaintiff's loan on the basis that she did not execute and return the final loan modification paperwork.

27. Defendant's actions were the proximate cause of Plaintiff's current default on her loan.

28. Plaintiff suffered damages as a result of Defendant's contract breach, including ruin of her credit, the non-current status of her mortgage loan account, and the referral of her home loan to foreclosure proceedings.

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. There is in every contract an implied duty of good faith and fair dealing, obligating parties to cooperate with each so that each may obtain full benefit of performance.

30. The Promissory Note executed by Plaintiff and First Horizon included an implied covenant of good faith and fair dealing.

31. Defendant breached this implied covenant when it failed to send a final modification agreement to Plaintiff at the address listed in the Deed of Trust after Plaintiff provided three trial payments.

32. Defendant also breached this implied covenant when it refused to permanently modify Plaintiff's home loan.

Complaint - 6

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

33. Plaintiff's breach of the covenant of good faith and fair dealing resulting in significant damages to Plaintiff.

## PROMISSORY ESTOPPEL

34. Defendant made a promise to send Plaintiff permanent loan modification paperwork and permanently modify her loan if she made three trial payments.

35. Defendant should have reasonably expected Plaintiff to rely upon its promise to modify her loan.

36. Plaintiff justifiably relied on this promise and made trial plan payments in August, September, and October of 2013.

37. Defendant failed to send Plaintiff the permanent loan modification paperwork at the address listed in the Deed of Trust and later failed to permanently modify Plaintiff's loan.

38. Plaintiff was injured by her reliance on Defendant's representations when, after Plaintiff made three trial payments, Defendant demanded that Plaintiff pay the pre-modified amount and then instituted foreclosure proceedings when it did not receive the pre-modified mortgage payments.

39. Injustice can be avoided only by enforcement of the permanent loan modification agreement.

## NEGLIGENCE

40. Defendant owed Plaintiff a duty of care in the servicing of her loan, including ensuring that Plaintiff was sent a final loan modification agreement at the address listed in the Deed of Trust after she made three trial plan payments.

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

41. Defendant breached this duty when it sent Plaintiff a final loan modification agreement to a number of incomplete and incorrect addresses.

42. The potential harm from Defendants actions was readily foreseeable: if Plaintiff was not sent the final modification agreement at the address listed in the Deed of Trust, she would not be able to execute the agreement.

43. Defendant's actions were the proximate cause of Plaintiff's harm.

44. Plaintiff has sustained damages, including ruined credit, referral of her loan to foreclosure proceedings, fear that she will lose her home to foreclosure, severe physical and emotional distress, insomnia, and anxiety.

## UNFAIR AND DECEPTIVE PRACTICES IN VIOLATION OF THE CONSUMER PROTECTION ACT

45. Defendant's failure to send Plaintiff a permanent loan modification agreement at the address listed in the Deed of Trust after Plaintiff made the three requisite trial plan payments constituted unfair and deceptive conduct.

46. The actions of Defendant as alleged herein constitute violations of the Washington Consumer Protection Act, RCW 19.86.020, and: (1) have occurred in trade or commerce; (2) are unfair or deceptive as alleged above; (3) negatively affect the public including thousands of Washington residents against whom Defendant seeks to illegally foreclose; and (4) caused injuries to Plaintiff as alleged above.

## INFLICTION OF PHYSICAL AND EMOTIONAL DISTRESS

47. The intentional and/or reckless refusal of Defendant to send a permanent loan modification agreement to the address listed in the Deed of Trust and to permanently modify

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

Plaintiff's loan has caused Plaintiff severe physical and emotion distress, including fear she will soon be evicted from her home, fear that her credit has been ruined, which will prevent acquisition of another home, insomnia and anxiety.

### III. REQUEST FOR RELIEF

Having stated her allegations and claims, Plaintiff requests the following relief:

1. An award of temporary, preliminary injunction relief to:

   a. Restrain Defendant from continuing foreclosure proceedings during the pendency of this action.

2. For an order directing Defendant to provide Plaintiff with the permanent loan modification paperwork.

3. For an order directing Defendant to permanently modify Plaintiff's loan once she executes the permanent loan modification paperwork.

4. For an order directing Defendant to bring Plaintiff's account current.

5. For an order directinPlaintiffg Defendant to correct Plaintiff's credit report, including, but not limited to, removal of late charges incurred as a result of Defendant's actions.

6. For an award of damages in an amount to be proven at trial against Defendant to compensate Plaintiff for her loss resulting from Defendant's misconduct and deceptive practices as described above.

7. An award of treble damages against Defendant pursuant to RCW 19.86.090.

8. An award of costs and reasonable attorneys' fees pursuant to RCW 19.86.090.

9. For such other relief as the court deems just and equitable.

Complaint - 9

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

DATED this 2nd day of December, 2013.

                                                  /s/ Audrey Udashen
                                                Audrey Udashen, WSBA #42868
                                                Attorney for Plaintiff

Complaint - 10

**Northwest Consumer Law Center**
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
*A Non-Profit Law Firm Advocating for Rights of the Consumer*

Case 13-01607-TWD    Doc 1    Filed 12/02/13    Ent. 12/02/13 15:30:26    Pg. 10 of 10